# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL GIOVINGO** | * | **CIVIL ACTION NO.:** |
| | * | |
| **Plaintiff** | * | |
| | * | |
| | * | **JUDGE:** |
| versus | * | |
| | * | |
| | * | **MAG. JUDGE:** |
| **GORDON BIERSCH BREWERY** | * | |
| **RESTAURANT, GORDON BIERSCH** | * | |
| **GROUP, LLC, SPB HOSPITALITY,** | * | |
| **LLC, CRAFT BREWERY GROUP, LLC,** | * | |
| **CRAFTWORKS RESTAURANTS &** | * | |
| **BREWERIES GROUP, INC., AND** | * | |
| **ABC INSURANCE COMPANY** | * | |
| | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, come Defendants, Gordon Biersch Group, LLC, and Craft Brewery Group, LLC, who respectfully state:

1.

This action has been brought in the Civil District Court for the Parish of Orleans, State of Louisiana, by the service of a Petition for Damages and a Citation on Defendants.[1] The action brought in the Civil District Court for the Parish of Orleans bears Docket Number 2021-09197, Division "J," Section "15," titled, "Michael Giovingo versus Gordon Biersch Brewery Restaurant, Gordon Biersch Group, LLC, SPB Hospitality, LLC, Craft Brewery Group, LLC, Craftworks Restaurants & Breweries Group, INC., and ABC Insurance Company."

---

[1] *See* Plaintiff's Petition for Damages, attached as Exhibit 1.

2.

This action is a civil action brought by Plaintiff, seeking to recover against Defendants from an alleged incident that occurred on or about November 10, 2020, at Gordon Biersch Brewery Restaurant, located at 200 Poydras Street, New Orleans, Louisiana, 70130. Plaintiff was entering the Gordon Biersch Brewery Restaurant at the time of the alleged incident and claims that he caught his foot on a signpost and fell, causing his injuries.

3.

This Court has diversity jurisdiction over this matter under 28 U.S.C. §1332. This action involves a controversy that is wholly between citizens of different states. Michael Giovingo is alleged to be a resident of and domiciled in the Parish of St. Bernard, State of Louisiana.[2] Defendants, Gordon Biersch Group LLC, and Craft Brewery Group, LLC, are alleged to be in the Petition, and are, in fact, both non-Louisiana limited liability companies, and are indicated on the Secretary of Louisiana's website as such.[3] Gordon Biersch Group, LLC is a Delaware limited liability company whose members are also Delaware limited liability companies. Craft Brewery Group, LLC is also a Delaware limited liability company whose members are also Delaware limited liability companies.

4.

"Gordon Biersch Brewery Restaurant," though named as a Defendant in Plaintiff's Petition, is not a legal entity or juridical person.[4] Gordon Biersch Brewery Restaurant is a trade name only, and is not a proper defendant to this suit.[5] Accordingly, Gordon Biersch Brewery

---

[2] Plaintiff's Petition for Damages, Paragraph 1, attached as Exhibit 1.
[3] *See* Louisiana Business Filings search results from Louisiana Secretary of State; Gordon Biersch Group LLC and Craft Brewery Group LLC, attached as Exhibit 2.
[4] *See* Louisiana Business Filings search result from Louisiana Secretary of State for Gordon Biersch Brewery Restaurant, attached as Exhibit 3, which shows that no such legal entity or juridical person with that name exists.
[5] "A person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business," La. C.C.P. art. 736; *D'aquin v. Starwood*, 16-12798 (E.D. La.

Restaurant's citizenship should be dispensed with for the purpose of determining diversity jurisdiction as it is not a legal entity capable of being sued.

5.

The other parties named in Plaintiff's Petition, SPB Hospitality LLC, Craftworks Restaurants and Breweries Group, INC., and ABC Insurance Company, have not been served as of the time of this filing. Accordingly, the citizenships of these un-served parties should be dispensed with for the purpose of determining diversity jurisdiction at this point. Nevertheless, SPB Hospitality, LLC is also a Delaware limited liability company with all of its members being domiciled in Delaware. Craftworks Restaurants and Breweries Group, Inc. is not registered in the state of Louisiana per a search of the Secretary of State's website and cannot be considered a Louisiana domiciliary.[6]

6.

Although Defendants deny liability to Plaintiff, upon information and belief, the amount in controversy, exclusive of interests and costs, exceeds $75,000.00. In his Petition for Damages, Plaintiff claims he "has incurred medical bills and will continue to require medical treatment in the future," and that Plaintiff's daily life continues to be impacted by his allegedly debilitating injuries.[7] Plaintiff's Petition for Damages also asserts the following non-exclusive damages: past, present and future physical pain and suffering; past, present, and future mental pain, anguish, and suffering; past, present, and future medical bills; past, present, and future loss of enjoyment of life; and lost wages, disability, and loss of earning capacity.[8]

---

10/31/16) 2016 WL 6436561, *3 ("Louisiana courts have held that a trade name has 'no separate existence apart from the individual doing business under that trade name. Moreover, a trade name is not a separate entity capable of being sued.") ((citing *Louisiana Acorn Fair Housing v. Quarter House*, 96-2128 (E.D. La. 1/9/97) 952 F.Supp. 352, 355)).

[6] Craftworks Restaurants & Breweries, Inc. is actually not an owner or operator of the Gordon Biersch restaurant in any capacity and is not a proper party defendant under any circumstances.
[7] Plaintiff's Petition for Damages, Paragraph 10, attached as Exhibit 1.
[8] Plaintiff's Petition for Damages, Paragraph 16, attached as Exhibit 1.

7.

A defendant shows, by preponderance of the evidence, that the jurisdictional amount provided by 28 U.S.C. 1332 is met in either of two ways: (1) when it is "facially apparent" from a reading of the complaint that the plaintiff's claims are likely to exceed $75,000.00 or (2) when a defendant can show through supporting, summary judgement-type evidence that the plaintiff's claims are likely to exceed $75,000.00.[9] Here, it is "facially apparent" that Plaintiff's claims exceed $75,000.00, as Plaintiff claims his injuries are debilitating, require ongoing and future medical treatment, and Plaintiff seeks damages including but not limited to: past, present and future physical pain and suffering; past, present, and future mental pain, anguish, and suffering; past, present, and future medical bills; past, present, and future loss of enjoyment of life; and lost wages, disability, and loss of earning capacity.[10]

8.

Additionally, in an effort to determine whether the amount in controversy exceeded the requisite $75,000 amount in controversy, Defendants specifically requested a damage stipulation that the Plaintiff's alleged damages was less than $75,000.00.[11] Plaintiff's counsel did not sign the damage stipulation, and responded that the amount in controversy is in excess of $75,000.00.[12] This Circuit has previously "suggested that failure to stipulate that the amount in controversy is below $75,000.00 is evidence that the amount in controversy is in excess of the requisite

---

[9] *Smith et al. v. Domilise et al.*, 21-1409 (E.D. La. 2021), 2021 WL 4707571, *3; *Riley v. Wal-Mart Louisiana, LLC*, 15-5729, 2015 WL 9268160 (E.D. La. 12/21/15); *Dautriel, et al v. Colgan Air Inc., et al*, 07-CV-1735, 2008 WL 652149 (W.D. La. 1/15/08); *Davis v. State Farm Fire & Cas. Co.*, 06-560, 2006 WL 1581272 (E.D. La. 6/7/06).
[10] Plaintiff's Petition for Damages, Paragraphs 10 and 16, attached as Exhibit 1.
[11] *See* letter to Plaintiff's counsel, dated November 23, 2021, attached as Exhibit 4.
[12] *See* letter from Plaintiff's counsel, dated November 29, 2021, attached as Exhibit 5.

amount."[13]  Moreover, Plaintiff's counsel's response clearly demonstrates that Plaintiff is seeking an amount in excess of $75,000.00, sufficient to satisfy the amount in controversy requirement.

9.

Further, Plaintiff's Petition for Damages does not state that there is a lack of jurisdiction in the United States District Court, as required under Louisiana Code of Civil Procedure article 893, if federal court jurisdiction is lacking due to insufficiency of damages.

10.

Pursuant to the provisions of 28 U.S.C §1441, et seq., this case has been removed to the United States District Court for the Eastern District of Louisiana.

11.

Accordingly, Defendants timely bring this removal less than thirty (30) days after discovering that diversity jurisdiction existed through receipt of "other paper," specifically, the date November 23, 2021, when Defendants, Gordon Biersch Group, LLC, and Craft Brewery Group, LLC, were served with a copy of the lawsuit. No other defendants have been served with a copy of the lawsuit.

12.

Simultaneous with the filing of this Complaint, written notice of removal is being given to all adverse parties and a copy of the Complaint and Notice of Removal will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana, to effect a removal of this civil action to this Honorable Court, as provided by law.

---

[13] *Broadway v. Wal-Mart Stores, Inc.*, 2000 U.S. Dist. LEXIS 15632 (E.D. La. Oct. 18, 2000) citing to *Reid v. Delta Gas*, 837 F. Supp. 751 (M.D. La. 1993).

**WHEREFORE**, Defendants, Gordon Biersch Group, LLC, and Craft Brewery Group, LLC, pray that this Notice of Removal be accepted as good and sufficient, that the aforesaid civil action be removed from the Parish of Orleans, State of Louisiana, to this Honorable Court for trial and a determination as provided by law, and this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings of such civil action from the Parish of Orleans, State of Louisiana, and there upon proceed with this civil action as if it had been originally commenced in this Court.

Respectfully submitted,

**LAW OFFICES OF JASON P. FOOTE, LLC**

By: /s/ *Jason P. Foote*
**JASON P. FOOTE (#25050)**
**DEVIN CABONI-QUINN (#35447)**
**KALEIGH K. ROONEY (#40034)**
2821 Richland Ave., Suite 202
Metairie, Louisiana 70002
Telephone: 504-324-8585
Facsimile: 504-324-8496
**Attorneys for Gordon Biersch Group, LLC, and Craft Brewery Group, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on the **15th** day of **December 2021**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

/s/ *Jason P. Foote*
**JASON P. FOOTE**