UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MICHAEL GIOVINGO**                                                     **CIVIL ACTION**

**VERSUS**                                                                           **NO. 21-2301**

**GORDON BIERSCH BREWERY RESTAURANT, ET AL**        **SECTION: "B"**

**ORDER AND REASONS**

Before the Court is a motion to dismiss for failure to state a claim filed by defendants SPB Hospitality, LLC and Craftworks Restaurants & Breweries Group, Inc.[1] For the reasons that follow, the motion is **DENIED** without prejudice.

**I.    Background**

Michael Giovingo filed this complaint in the Civil District Court for the Parish of Orleans in November of 2021. In his petition for damages, Giovingo asserts that, while entering the Gordon Biersch Brewery Restaurant in downtown New Orleans, "his right foot caught something … causing him to spin around and fall backwards."[2] He submits that the force of the fall knocked him unconscious, and that he has subsequently incurred medical expenses and had to make significant lifestyle changes as a result of the injuries he sustained in the fall.[3] Giovingo blames the restaurant and its employees for the condition, a weighted metal post, which allegedly caused his fall. He seeks damages for pain and suffering, medical bills, loss of enjoyment of life, and lost wages, among other things.[4] Claiming diversity jurisdiction, defendants Gordon Biersch Group, LLC, and

---

[1] R. Doc. 31.
[2] R. Doc. 1-1 at 3.
[3] *Id.*
[4] *Id.* at 3-5.

Craft Brewery Group, LLC removed the case to this Court.[5] Upon order of the Court,[6] Giovingo effected service on SPB Hospitality, LLC[7] and Craftworks Restaurants & Breweries Group, Inc.[8] Giovingo did not effect service on Gordon Biersch Brewery Restaurant and so this Court dismissed that defendant for failure to prosecute.[9]

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[10] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[11] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[12] "Factual allegations must be enough to raise a right to relief above the speculative level."[13] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[14]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[15] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[16] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[17] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[5] R. Doc. 1.
[6] R. Doc. 14.
[7] R. Doc. 27.
[8] R. Doc. 28.
[9] R. Doc. 33.
[10] Fed. R. Civ. P. 12(b)(6).
[11] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).
[13] *Twombly*, 550 U.S. at 556.
[14] *Id.* at 570.
[15] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).
[16] *Iqbal*, 556 U.S. at 677–78.
[17] *Id.* at 679.

statements" will not suffice.[18] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[19] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[20] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[21] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[22]

### III. Analysis

SPB Hospitality and Craftworks Restaurants contend that their motion ought to be granted as they "are not proper parties to this suit."[23] To support this claim, they submit that they are Delaware entities not authorized to do business in Louisiana and that they do not "oversee, supervise, or participate in the daily operations of the Gordon Biersch Brewery Restaurant."[24] Further, defendants note that in 2020, SPB Hospitality "acquired several Craftworks brands, including Gordon Biersch brands, through a bankruptcy sale."[25] However, as Giovingo points out in response, defendants' motion is "based solely on arguments of counsel" and cites to no law to support their position that the stated facts relieve them of the possibility of liability in this case.[26]

---

[18] *Id.* at 678.
[19] *Id.*
[20] *Id.*
[21] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).
[22] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).
[23] R. Doc. 31-1 at 2. They also submit that, as "Gordon Biersch Brewery Restaurant" is a trade name and not a legal entity, that named defendant should be dismissed as it is not capable of being sued. As the Court has already dismissed that defendant for failure to prosecute, R. Doc. 33, this element of the motion is moot.
[24] *Id.* at 2-3.
[25] *Id.* at 2.
[26] R. Doc. 35 at 3-4.

In fact, defendants cite no cases at all in their motion, and nor do they explain how their domicile might excuse them from this case. And while defendants' authority – or lack thereof – over the restaurant's operations would indeed be important for establishing whether or not these defendants owed a duty to the plaintiff, the Court is not prepared to accept as evidence a bare assertion by counsel unsupported by even so much as an affidavit. There has been no discovery in this case to demonstrate the truth or falsity of the statements made in the motion; there is likewise no evidence in the record to support the bare assertion made by defendants' counsel. Simply put, this motion is either premature or insufficiently supported.

### IV. Conclusion

Accordingly, **IT IS ORDERED** that the motion to dismiss filed by defendants SPB Hospitality, LLC and Craftworks Restaurants & Breweries Group, Inc. is **DENIED** without prejudice to a new motion which demonstrates the validity of their motion on the basis of law and proper evidence.

New Orleans, Louisiana this 6th day of July

_____
SENIOR UNITED STATES DISTRICT JUDGE